UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

JOSEPH LOPRESTI,

    Plaintiff,

vs.

THE CLUB AT ADMIRAL'S COVE, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JOSEPH LOPRESTI, by and through her undersigned counsel, and sues the Defendant, THE CLUB AT ADMIRAL'S COVE, INC., and alleges as follows:

## INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

1

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. The Plaintiff was an employee for the Defendant since October 2002, as a Pastry Chef and had been an outstanding employee with no disciplinary issues.

8. In the end of 2018, Plaintiff suffered a leg/foot injury, but held off on surgery given it was the Defendant's season.

9. Ultimately, Plaintiff took 4 weeks off for the procedure and recovery, yet was never provided any FMLA documentation or benefits.

10. While his doctor wanted to give him additional time, Plaintiff had exhausted his paid time off and believed he needed to return.

11. In June of 2019, Plaintiff returned to work from this leave of absence, yet after two days, Plaintiff was informed that due to the remodeling (that was originally to begin in November of 2018, and then February of 2019, before again being extended) he was terminated from his employment.

## COUNT I

## FMLA INTERFERENCE

12. The Plaintiff incorporates by reference paragraphs 1-11 herein.

13. At all times material to this lawsuit, the Plaintiff was entitled to leave under the

FMLA, and to be reinstated to his position upon returning from leave.

14. The Defendant unlawfully interfered with the Plaintiff's exercise of his FMLA rights by failing to provide FMLA benefits or reinstate his position, or equivalent thereto, upon his return from FMLA leave.

15. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

16. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, JOSEPH LOPRESTI, requests that judgment be entered against the Defendant, THE CLUB AT ADMIRAL'S COVE, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FMLA RETALIATION

17. The Plaintiff incorporates by reference paragraphs 1-11 herein.

18. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

19. As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

20. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

21. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

22. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, JOSEPH LOPRESTI, requests that judgment be entered against the Defendant, THE CLUB AT ADMIRAL'S COVE, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: August 9, 2019.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: david@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ David Cozad*
DAVID M. COZAD, ESQ.
F.B.N.: 333920